UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **David Dwight Smith**, #245760, ) | C/A No. 6:06-338-GRA-WMC |
| ) | |
| Petitioner, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Collie Rushton, Warden; and ) | |
| Henry McMaster, Attorney General for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1]  Petitioner is currently confined at the McCormick Correctional Institution, serving sentences for murder and use of a deadly weapon.  The convictions on which his sentences are based were entered by the Court of General Sessions of Spartanburg County on November 2, 2005, less than six months ago.  According to Petitioner, he currently has a direct appeal of those convictions pending in the South Carolina Court of Appeals.  Petitioner indicates that his counsel had not yet filed an appellate brief on his behalf although the appeal was pending at the time the Petition in this case was filed.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents:  Denton v. Hernandez,

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed in this case should be dismissed because Petitioner has not exhausted his state remedies. Furthermore, there is considerable case law indicating that collateral attacks, such as § 2254 petitions, should be dismissed without prejudice if a direct appeal is still pending. *See* United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999); Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987); United States v. Bankole, 2000 WL 1719552, at * 1 (4th

Cir., Nov. 17, 2000); Ping v. United States, 2001 WL 1588924 (S.D. N.Y., December 12, 2001); United States v. Massey, 2001 WL1076131 (N.D. Tex., September 10, 2001).

With respect to his Spartanburg County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, each of which can be sought only after Petitioner has exhausted his state court remedies.  See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241);  Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers.  States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority."  Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973)(citing Braden).  Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

>applicant to exhaust the remedies available in the courts of the State.
>
>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c).

This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. See Picard v. Connor, 404 U.S. at 276. However, as noted above, Petitioner himself acknowledges that his direct appeal has only recently been filed and briefing has not even begun. As a result, it is clear that the grounds for habeas relief ostensibly raised in the present § 2254 Petition have not yet been considered and addressed by courts of the State of South Carolina, and this is fatal to this case.

If the South Carolina Court of Appeals rejects Plaintiff's issues on his direct appeal, he will still have the state post conviction relief (PCR) process to complete before he can be said to have fully exhausted his state remedies. Following an unsuccessful direct appeal, a South Carolina prisoner can then file a PCR application in the Court of Common Pleas for the county in which the prisoner was convicted. If a South Carolina prisoner's PCR application is denied or dismissed by a Court of Common Pleas, he or she can then file an appeal in that post-conviction case. See S.C. Code of Laws Ann. § 17-27-100; Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if Petitioner ultimately files

a PCR application and the Court of Common Pleas for Spartanburg County denies PCR or dismisses Petitioner's application, Petitioner *must* then seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas for Spartanburg County or else federal collateral review pursuant to § 22554 of the grounds raised in his PCR application will be barred by a procedural default.  See Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

Petitioner should be mindful that the South Carolina General Assembly has enacted limitations periods for post-conviction cases.  See S.C. Code of Laws Ann. § 17-27-45, which provides:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> **(B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.**
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when

>   the facts could have been ascertained by the exercise of reasonable diligence.

(emphasis added).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at S.C. Code of Laws Ann. § 17-27-10, is a viable state-court remedy.  See Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977).  Since Petitioner has several viable state court remedies which have not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.  See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); Lawson v. Dixon, 3 F.3d 743, 749 n. 4 (4th Cir. 1993)( "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The

6

District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

      Petitioner's attention is directed to the important notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

February 28, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court**

8

Post Office Box 10768
Greenville, South Carolina 29603

9